# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6002 | **DATE** | 9/28/2000 |
| **CASE TITLE** | Theophilus Green et al vs. Mary Anne Benden et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: HCSC's motion to dismiss [41-1] is granted and Count IV is dismissed. IDPR, Benden and Palermos' motion to dismiss [42-1] is granted and Counts I and I are dismissed against the IDPR and Benden and Palermo in their official capacity. Judgment is entered in favor of Benden and Palermo, in their individual capacity, on Counts I and II. Nania and Zwieg's motion to dismiss the second amended complaint is granted and Count III is dismissed. Dr. Green's motion to reconsider our ruling, his motion for summary judgment [44-1[ and his motion for sanctions [36-1] are denied. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 2 9 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 63 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FD-7 FILED FOR DOCKETING | |
| TSA courtroom deputy's initials | | 00 SEP 28 PM 2: 16 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THEOPHILUS GREEN, ASSOCIATED PSYCHOLOGICAL SERVICES, PSYCHOLOGICAL SOLUTIONS, P.C. AND RELATED CLIENTS AND STAFF | ) ) ) ) ) No. 99 C 6002 |
| Plaintiffs, | ) Honorable Wayne R. Andersen |
| v. | ) |
| MARY ANNE BENDEN, individually, MICHAEL PALERMO, individually, DIRECTOR, ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION, DIRECTOR, WISCONSIN DEPARTMENT OF PROFESSIONAL REGULATION and JOHN ZWEIG, individually, HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

RECEIVED
SEP 29 2000

## MEMORANDUM, OPINION AND ORDER

On September 28, 1998, the Director of the Illinois Department of Professional Regulation suspended plaintiff's license to practice clinical psychology. Dr. Green filed this lawsuit to invalidate the suspension. This matter is currently before the court on the motions of Dr. Theophilus Green, plaintiff, and Mary Anne Benden, Michael Palermo, the Illinois Department of Professional Regulation, Health Care Service Corporation, the Wisconsin Department of Professional Regulation, John Zweig and Kimberly Nania, defendants. Dr. Green asks that we reconsider our denial of his motion for injunctive relief and grant him summary judgment. Health Care Service Corporation asks that we dismiss Dr. Green's



claims, or, in the alternative, grant summary judgment in its favor. The Illinois Department of Professional Regulation, Benden, and Palermo ask that we dismiss Dr. Green's claims or abstain in favor of a state court proceeding. Finally, the Wisconsin Department of Professional Regulation, Zweig and Nania ask that we dismiss the complaint.

## BACKGROUND

Dr. Green received a degree in clinical psychology from the Illinois School of Professional Psychology on November 7, 1982. Before Dr. Green obtained his license, he practiced clinical psychology in Illinois from 1982 to 1990. Dr. Green's license to practice clinical psychology in Illinois was first issued on February 21, 1990. Dr. Green was a senior partner in Associated Psychological Services from 1982 until 1994.

Dr. Green allegedly supervised the work of Allen Piening from 1983 until 1986. In 1986, Dr. Green signed a VE-Psy form and under penalty of perjury and declared that he supervised Piening's work. Dr. Green used the license number assigned to Associated Psychological Services on the VE-Psy form.

In December of 1995, Piening was involved in a hearing in connection with charges that he was practicing psychology without a degree. Dr. Green was listed as a witness for Piening. Dr. Green alleges that Palermo, an attorney working for the IDPR, stated that, if he appeared as a witness, a complaint would be brought against him and his license would be revoked. Dr. Green proceeded to testify on Piening's behalf.

On October 24, 1996, the IDPR filed a complaint against Dr. Green. That complaint, and subsequent amended complaints before the Administrative Law Judge concern the relationship between Dr. Green and Allen Piening, a Caucasian male who attended the Illinois

2

School of Professional Psychology with Dr. Green. Dr. Green attempted to help Piening become licensed to practice psychology in Illinois by signing a form in which he attested to have supervised Piening's work. The Administrative Law Judge ("ALJ") found that Dr. Green "did not actually supervise Piening, had no professional association with him between 1983 and 1986 and could not make any ratings, was not himself a licensed Clinical Psychologist in Illinois until 1990, and used an incorrect license number as his own on the verification form." (Administrative Law Judge's Report and Recommendation p. 2). The ALJ also found that Dr. Green assisted Piening in filing erroneous applications in the states of Iowa and Wisconsin.

The ALJ stated that "every explanation [Dr. Green] gave at the hearing for why he believed he could practice for 8 years in Chicago was vague (e.g., somewhere he read he could do what he did in some pamphlet the Department sent, but he could not find it now), or nowhere to be found in statute or rule. These explanations varied throughout the hearing, totaling at least 5. Even the explanation he gave just prior to closing arguments about the supervision he himself received between 1982 and 1989 was confusing and obviously done for evasion - he had no persuasive explanation. Respondent just did what he wanted to do from 1982 to 1990 because he could not pass the test."

The ALJ recommended: (1) an indefinite period of suspension of Dr. Green's license, with a minimum of two years; (2) an indefinite period of supervision, with a minimum period of six years, during which time he should submit written reports to the Committee on his practice and activities in the profession; (3) a reprimand; (4) that Dr. Green be forever barred from supervising any prospective licenses; (5) that Dr. Green should attend psychological

3

counseling and participate in continuing education courses for 24 hours annually on ethics and other subjects approved by the Committee in advance; and (6) Dr. Green must pay a fine of $8,000.00. On December 5, 1997, the Clinical Psychologists Licensing and Disciplinary Committee of the Department of Professional Regulation of the State of Illinois adopted the ALJ's findings of fact, conclusions of law and recommended sanctions. On September 28, 1998, Nikki Zollar, the Director of the Department of Professional Regulation of the State of Illinois, adopted the findings of fact and conclusions of law and imposed the recommended sanctions. Dr. Green brought an action for administrative review in the Circuit Court of Cook County. The Circuit Court Judge affirmed the suspension and the requirements for reinstating Dr. Green's license, but he vacated the $8,000 fine.

Dr. Green filed his first pro se complaint before this court on September 10, 1999, his amended complaint on November 29, 1999, and his four-count second amended complaint on December 17, 1999. The gravamen of his complaint is that the defendants conspired to suspend his license and withhold payment for services that he rendered because of hostility motivated by racial animus. In Count I of his second amended complaint, Dr. Green alleges that IDPR, Benden and Palermo maliciously prosecuted him and violated his right to due process in violation of 42 U.S.C. § 1985. In Count II, he alleges that Benden, Palermo and the IDPR conspired to maliciously prosecute him on the basis of race. In Count III, he alleges conspiracy and malicious prosecution relating to the suspension of his license to practice psychology in Wisconsin. Finally, in Count IV, he alleges that HCSC and IDPR conspired to deprive him of the benefit of his agreement with HCSC.

4

In April of 2000, we held a two-day evidentiary hearing on Dr. Green's request for injunctive relief. At the end of the hearing, we found that there was no evidence that either IDPR or HCSC was motivated by racial bias. The defendants renewed their motions to dismiss. HCSC moves to dismiss, or in the alternative for summary judgment, on the basis of a lack of jurisdiction. IDPR moves for dismissal, or abstention, based on several claimed immunities. The Wisconsin defendants move for dismissal on the grounds that they have been improperly served. Dr. Green has filed his own motion for summary judgment and a motion for reconsideration of our denial of injunctive relief. Dr. Green has also filed a motion for Rule 11 sanctions against Benden.

On June 16, 2000, we issued an order stating that we would construe the motion to dismiss brought by the IDPR and individual defendants as a motion for summary judgment and invited further submissions of evidence. The defendants submitted the affidavits of Mary Anne Benden and Michael Palermo. Dr. Green initially declined to submit further materials, but on June 29, 2000, he did submit a response to the two affidavits.

## DISCUSSION

I. HCSC's Motion to Dismiss the Complaint

In Count IV, Dr. Green alleges a conspiracy between IDPR and HCSC. He alleges that HCSC unlawfully shared information about the plaintiff and his clients with IDPR and unlawfully denied him $580,000 in benefits. HCSC argues that Dr. Green has failed to state a claim for civil conspiracy under section 1985(3). We agree.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim.

5

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

To establish a prima facie case of civil conspiracy under section 1985, a plaintiff must show an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and a deprivation of those rights in the form of overt acts in furtherance of the agreement. Scherer v. Balkema, 840 F.2d 437, 441 (7th Cir.), cert. denied, 486 U.S. 1043 (1988). A section 1985 plaintiff must plead more than conclusory allegations of a conspiracy. He must plead specific material facts that show the existence of a conspiracy. Winterland Concessions Co. v. Trela, 735 F.2d 257, 262 (7th Cir. 1984).

Dr. Green has failed to state a conspiracy claim against HCSC. He has not pled any specific material facts which show that HCSC actions were motivated by racial animus. The only evidence that he proffers to support his contention that HCSC actions were the result of bias are his own conclusory statements. Furthermore, Dr. Green has moved for summary judgment, suggesting that he has proffered all of the evidence necessary to support his contentions. This court granted Dr. Green an evidentiary hearing and repeatedly allowed him to submit new evidentiary materials, but he has been unable to present any evidence to support his claim against HCSC. The only evidence submitted to this court indicates that HCSC failed

to honor Dr. Green's bills because he no longer possessed a license, not because of racial animus and not because of any conspiracy with the state regulators. HCSC's motion to dismiss Count IV of the Second Amended Complaint is granted.

II. Motion to Dismiss the Complaint Brought by IDPR, Benden and Palermo

In Counts I and II, Dr. Green alleges that Benden, Palermo and IDPR conspired to prosecute him and denied him his license in violation of the Due Process guarantees of the U.S. Constitution. Dr. Green provides alternative explanations for his prosecution. He alleges that the prosecution was motivated by racial animus, but he also alleges that he was prosecuted in retaliation for his testimony in the Piening matter. These defendants argue that the complaint should be dismissed based on sovereign immunity, prosecutorial immunity, qualified immunity, res judicata, the applicable statute of limitations, and a failure to state a claim upon which relief may be granted.

A. The Sovereign Immunity of the IDPR, Benden and Palermo

IDPR, Benden and Palermo argue that they are shielded from this lawsuit by the doctrine of sovereign immunity. The Eleventh Amendment renders a State immune from any suit brought by an individual in federal court unless the State has consented to being sued in that forum. Kimel v. Florida Bd. of Regents, --- U.S.---, 120 S.Ct. 631, 640, 145 L.Ed. 2d 522 (2000). Congress may abrogate the State's Eleventh Amendment immunity and provide for federal jurisdiction if it is acting pursuant to its enforcement power under Section 5 of the Fourteenth Amendment. Id. at 644. In the instant case, IDPR, Benden and Palermo have not waived their immunity. Therefore, they can only be sued if Congress clearly expressed an

intent to abrogate the Eleventh Amendment immunity. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 243 (1983).

IDPR is clearly not a proper defendant because a state agency is not a "person" for the purposes of Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989); Ryan v. Illinois Department of Children and Family Services, 185 F.3d 751, 758 (7th Cir. 1999). Therefore, Section 1983 does not trump IDPR's immunity. Dr. Green could have named the current Director in an action for injunctive relief under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), but we have already denied Dr. Green's request for injunctive relief. Therefore, IDPR is dismissed from this lawsuit.

Mary Anne Benden was the attorney for the IDPR who investigated Dr. Green and prosecuted him before the Administrative Law Judge. Michael Palermo was an attorney for the IDPR who prosecuted the case against Allen Piening. Both Benden and Palermo are improper defendants when being sued for actions taken in their official capacity. "The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" Pennhurst State School & Hospital et al. v. Halderman, 465 U.S. 89, 101(1984)(Citing Ford Motor Co. v. Department of Treasure, 323 U.S. 459, 464 (1945)). The evidence, the affidavits submitted by the defendants and the testimony we considered at the evidentiary hearing, proves that Benden was clearly acting within the scope of her authority when she instituted the action against Dr. Green. Furthermore, the evidence also proves that Palermo was acting within the scope of his authority when he prosecuted Piening. Therefore, their actions are shielded from suit by the Eleventh Amendment. Because Dr. Green has been

unable to provide any evidence that Benden or Palermo acted outside their authority, Counts I and II are dismissed against the individual defendants in their official capacities.

B.  Benden and Palermo, in Their Individual Capacities

Judgment will be entered in favor of Benden and Palermo in their individual capacities. We engage in this analysis because Dr. Green also alleges a violation of his constitutional rights by Benden and Palermo in their individual capacities. We converted the individual defendants' motion to dismiss into a motion for summary judgment in order to determine whether any evidence supported Dr. Green's allegations of racial bias. After an extensive review of Green's submissions and the evidence submitted during the hearing, we find that he produced no evidence to support his allegation that Benden or Palermo were motivated by racial bias. Therefore, Dr. Green's claims based on a racial animus in violation of 42 U.S.C. §§ 1983 and 1985 cannot be sustained and judgment will be entered.

C.  Failure to State a Malicious Prosecution Claim Against the IDPR, Benden and Palermo

Dr. Green's allegation of malicious prosecution fails to state a claim upon which relief may be granted. To state a claim for malicious prosecution under Section 1983, a plaintiff must demonstrate that: "(1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996). To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were

9

terminated in the plaintiff's favor; and (5) there was an injury." Id. Dr. Green can not show that the proceedings were terminated in his favor. After administrative review by the Circuit Court of Cook Count, the suspension of his license was affirmed. Dr. Green has not prosecuted an appeal of the Circuit Court decision. Although the sanction imposed by the Director was severe, this court is reluctant to second guess the Director's decision, especially when the decision has been reviewed and upheld by the Circuit Court of Cook County.

Furthermore, Dr. Green must "allege some action that supports the conclusion that a malicious prosecution occurred." Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998). His allegations here amount to the fact that he believes he was prosecuted because he testified on Piening's behalf. Dr. Green does not dispute the fact that he signed the VE-Psy form, but argues that his behavior did not merit prosecution. It is reasonable that the IDPR would want to safeguard the process for the admission of new members to the practice of psychology. Because Dr. Green has not alleged the elements necessary to show malicious prosecution, the motion of IDPR, Benden and Palermo is granted, and the portions Counts I and II which allege malicious prosecution are dismissed. Since we have dismissed or entered judgment on the entirety of the claims in Counts I and II, we will not consider defendants' arguments based on res judicata, prosecutorial immunity, or the statute of limitations.

III. The Wisconsin Defendants' Motion to Dismiss the Complaint

Kimberly Nania and John Zweig have filed a Fed. R. Civ. P. 12(b)(5) motion to dismiss on the ground that service of process was insufficient. Although they have not raised the sovereign immunity issue, the doctrine also prohibits suit brought in federal court by a citizen of one state against another state. Employees v. Missouri Public Heath & Welfare

Dep't, 411 U.S 279, 280 (1973). Therefore, even if Dr. Green were to perfect service, Nania and Zweig would be shielded from suit by virtue of their sovereign immunity.

In the instant motion, however, these defendants contend that service was improper because the envelopes they received failed to contain the necessary items to request a waiver of service and neither individual was personally served.

Under the Federal Rules of Civil Procedure, a defendant may be served "(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the compliant to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Wisconsin allows service by personally serving the summons upon the defendant, or leaving a copy of the summons at the defendant's usual place of abode either in the presence of some competent member of the family at least 14 years of age or in the presence of a competent adult currently residing in the abode of the defendant, and informing the recipient of the content of the summons. Wisconsin Stat. §801.11 (1997-98).

Illinois allows service of summons by personal service, abode service with family or a person residing there over 13 years of age provided another copy is sent to the defendant at his or her usual place of abode.

11

Dr. Green has failed to properly serve these two defendants. In order to request a waiver of service, the plaintiff "shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing." Fed. R. Civ. P. 4(d)(2)(G). The affidavits provided by Nania and Zweig state that the envelopes they received failed to contain copies of a notice of the commencement of the action, copies of a request that the defendant waive service, and a prepaid means of compliance. Therefore, Dr. Green has failed to request a valid waiver of service.

Dr. Green failed to comply with any of the applicable service of process statutes. He failed to obtain personal service of a copy of the summons to either Nania or Zweig. Furthermore, Dr. Green did not leave a copy of the summons in the usual place of abode of either Nania or Zweig. Thus, the service of process of Nania and Zweig is insufficient and they are dismissed from this lawsuit.

IV. <u>Dr. Green's Motion to Reconsider Injunctive Relief</u>

Dr. Green has asked that we reconsider our April 12, 2000 decision to deny his request for injunctive relief. Dr. Green alleged that he had not received the Response Memorandum of Heath Care Service Corporation in Opposition to Plaintiff's Motion for a Preliminary Injunction on a timely basis. The importance of this allegation, according to Dr. Green, is that one of the exhibits included in HCSC's Response Memorandum proves that HCSC conspired with the IDPR.

Dr. Green alleges that exhibit C of HCSC's Response Memorandum, a letter supposedly sent by Dr. Green, proves a conspiracy between HCSC and IDPR. Exhibit C of that brief is a letter dated November 19, 1993 that Dr. Green allegedly sent to complain about

12

the allegedly improper behavior of an Administrative Law Judge. Nowhere in the record does Dr. Green reveal to whom this letter was addressed or whether it was sent. In the letter, Dr. Green alleged that, after providing psychological counseling services to the ALJ's wife and children, he was able to determine that the ALJ physically abused his family. Dr. Green reported this alleged abuse to the Illinois Department of Children and Family Services. Dr. Green alleges that, after he reported the ALJ, the ALJ retaliated against him by reporting his fees to HCSC as fraudulent.

Dr. Green argues that the only way HCSC could have obtained a copy of the letter is from IDPR. Since HCSC possessed a copy of the letter, Dr. Green theorizes that HCSC must have conspired with IDPR. Dr. Green asks that we reconsider our denial of injunctive relief because he argues that, if he had possessed the exhibit before the hearing, he and we would have made the connection. Therefore, he argues that he would have been able to prove his allegations.

We deny Dr. Green's motion. First, HCSC's possession of the letter does not change the basis of our original conclusion that Dr. Green presented no evidence which showed that HCSC was motivated by racial animus. Second, the letter was sent to HCSC by Dr. Green. HCSC included in their response to this motion Dr. Green's cover letter accompanying a copy of exhibit C. Therefore, the fact that HCSC possessed a copy is not evidence of conspiracy.

V.   Dr. Green's Motion for Summary Judgment

Because, as noted above, Dr. Green has presented no evidence of conspiracy or racial animus, his motion for summary judgment is denied.

VI.   Dr. Green's Motion for Sanctions

Dr. Green has made a motion for a hearing to consider if Benden should be held in contempt for perjury, falsification of documents, violations of Rule 11, making false statements to the Attorney Registration and Disciplinary Commission, and fraudulent misrepresentations to this court. The basis of his complaint is that her testimony before this court was false, that she shared the letter marked exhibit C with HCSC, and that she wrote false and misleading letter to the ARDC. Dr. Green also complains that, despite all of the latitude granted to him by this court, his requests for witnesses and discovery were improperly denied.

We found Mary Anne Benden to be a credible witness. Because Dr. Green has failed to provide any evidence supporting his charges and because we fully credit Benden's testimony, we deny his motion in all respects.

## CONCLUSION

HCSC's motion to dismiss the second amended complaint [41] is granted and Count IV is dismissed. IDPR, Benden and Palermo's motion to dismiss the second amended complaint [42] is granted and Counts I and II are dismissed against the IDPR and Benden and Palermo in their official capacity. Judgment is entered in favor of Benden and Palermo, in their individual capacity, on Counts I and II. Nania and Zweig's motion to dismiss the second amended complaint is granted and Count III is dismissed. Dr. Green's motion to reconsider our ruling, his motion for summary judgment [44] and his motion for sanctions [36] are denied. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 28, 2000