Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6002 | DATE | 4/26/2002 |
| CASE TITLE | Theophilus Green et al vs. Mary Anne Benden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the Wisconsin defendants' motion to dismiss the complaint pursuant to FRCP 12(b) is hereby granted. As all defendants names in the second amended complaint have now been dismissed, this case is terminated in its entirety. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 03 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | 15 |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEOPHILUS GREEN, ASSOCIATED PSYCHOLOGICAL SERVICES, PSYCHOLOGICAL SOLUTIONS, P.C. AND RELATED CLIENTS AND STAFF, | ) ) ) ) ) No. 99 C 6002 ) |
| Plaintiffs, | ) Wayne R. Andersen ) District Court Judge |
| v. | ) ) |
| MARY ANNE BENDEN, individually; MICHAEL PALERMO, individually; NIKKIE ZOLAR, DIRECTOR; ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION; KIMBERLY NANIA, DIRECTOR, WISCONSIN DEPARTMENT OF PROFESSIONAL REGULATION; JOHN ZWEIG, individually; HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD; and UNKNOWN CONSPIRATORS, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

DOCKETED
MAY 3 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants State of Wisconsin Department of Regulation and Licensing, Patrick Braatz and John Zwieg (collectively the "Wisconsin defendants") to dismiss the second amended complaint filed by plaintiff Dr. Theophilus Green pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the following reasons, the defendants' motion to dismiss is granted.

### BACKGROUND

As the history of this lawsuit has been described in great detail in our earlier opinions,

we incorporate that background information by reference in this opinion. As this ruling focuses, however, on the motion filed by the Wisconsin defendants, some background surrounding their motion is appropriate. On April 19, 2000, plaintiff Dr. Theophilus Green moved for leave to file a second amended complaint in his lawsuit challenging the suspension of his license to practice clinical psychology in Illinois. On April 26, 2000, the Court granted Dr. Green leave to amend his complaint. Of importance to the instant motion, Count III of the second amended complaint alleged conspiracy and malicious prosecution by the Wisconsin Department of Regulation and Licensing ("WDRL") and certain state officials regarding the suspension of Dr. Green's license to practice psychology in the state of Wisconsin.

On February 16, 2001, the Wisconsin defendants filed the instant motion alleging that all allegations against them should be dismissed. The motion asserts five grounds for dismissal including the WDRL's immunity from suit pursuant to the Eleventh Amendment of the United States Constitution, lack of personal jurisdiction over the individual defendants, and a failure to allege facts sufficient to state claims that the Wisconsin defendants conspired to deprive Dr. Green of any rights guaranteed by the United States Constitution. Dr. Green responded to the motion to dismiss in writing on January 15, 2002.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a

motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## I. Sovereign Immunity of WDRL

WDRL argues that it is shielded from this lawsuit by the doctrine of sovereign immunity. The Eleventh Amendment renders a State immune from any suit brought by an individual in federal court unless the State has consented to being sued in that forum. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631 (2000). Eleventh Amendment immunity bars federal court "suits against the States and their agencies . . . regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146, 113 S.Ct. 684 (1993). *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58, 116 S.Ct. 1114 (1996) (the relief sought "is irrelevant to the question whether the suit is barred); *Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900 (1984) (the jurisdictional bar applies "regardless of the nature of the relief sought"). Therefore, sovereign immunity bars an action for money damages against a state agency, *Edelman v. Jordan*, 415 U.S. 651, 666-67, 94 S.Ct. 1347 (1974); injunctive relief, *Seminole Tribe*, 517 U.S. at 58; and declaratory relief, *Benning v. Bd. of Regents of Regency Univ.*, 928 F.2d 775, 778 (7th Cir. 1991) unless the state or its agency waives the immunity.

In the instant case, the WDRL has not waived its immunity. Therefore, it can only be sued if Congress clearly expressed an intent to abrogate the Eleventh Amendment immunity. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 243, 105 S.Ct. 3142 (1983). Dr. Green has not alleged, and we cannot discern, any scenario in which it could possibly be argued that

3

Congress has specifically acted to abrogate the WDRL's Eleventh Amendment immunity in this case. Therefore, any and all causes of action against the WDRL are dismissed.

## II. Lack of Personal Jurisdiction Against the Individual Defendants

The plaintiff bears the burden of proving facts sufficient to establish personal jurisdiction over the defendant. *See Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). In ruling on a motion to dismiss for lack of personal jurisdiction, the court must accept all allegations of the complaint as true, and any conflict in affidavits must be resolved in favor of the plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

To determine whether the exercise of personal jurisdiction over the individual defendants is proper, we must determine: (1) whether jurisdiction is granted under the Illinois long-arm statute; (2) whether the assertion of jurisdiction comports with the Illinois Constitution; and (3) whether the assertion of jurisdiction comports with the United States Constitution. *See International Shoe Co. v. State of Washington Office of Unemployment*, 310 U.S. 310, 66 S.Ct. 154 (1945); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). "Because the Illinois statute authorizes personal jurisdiction to the constitutional limits, the three inquiries mentioned above collapse into two constitutional inquiries - one state and one federal." *RAR, Inc.*, 107 F.3d at 1276.

Assertion of personal jurisdiction by Illinois courts over non-residents is governed by the state's long-arm statute. 735 ILCS 5/2-209. The statute authorizes Illinois courts to assert jurisdiction over a party not residing in Illinois with respect to any cause of action arising from the performance by that party of any of fourteen acts outlined in the Illinois long-arm statute. *See* 735 ILCS 5/2-209(a). Subsection (b) of the long-arm statute authorizes Illinois courts to exercise

jurisdiction over actions arising within or without the state against any person who:

(1) Is a natural person present within the State when served;

(2) Is a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served;

(3) Is a corporation organized under the laws of this State; or

(4) Is a natural person or corporation doing business within this State.

735 ILCS 5/2-209(b). Finally, the long-arm statute contains a "catch-all" provision which allows Illinois courts "to exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c).

In determining whether jurisdiction is proper, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state" such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174 (1984) (citing *International Shoe*, 326 U.S. at 316); *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995), *cert. denied*, 518 U.S. 1004 (1996). Minimum contacts arise if a defendant has purposefully availed himself of the privilege of conducting activities in the forum state such that the defendant invokes the benefits and protection of the law of that forum. *Burger King*, 471 U.S. at 475. Moreover, a defendant has minimum contacts with a state if he should reasonably anticipate being hauled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980).

With regard to the Illinois long-arm statute, there are no facts alleged in the complaint which would permit this Court to exercise personal jurisdiction over the individual Wisconsin

5

defendants. Dr. Green has not alleged that either Patrick Braatz or John Zwieg engaged in any of the fourteen acts identified in subsection (a) of the long-arm statute. While Dr. Green may argue that Braatz and Zwieg committed a tort against him, the complaint does not allege that such a tort occurred within the boundaries of the state of Illinois. Rather, if a tort did take place, it occurred in Wisconsin. Furthermore, the individual Wisconsin defendants do not satisfy the requirements of subsection (b) of the long-arm statute. Braatz and Zwieg were not located in the state of Illinois when they were served with the complaint, they were not residents of Illinois when the complaint was served upon them, and they were not individuals doing business with Illinois. Therefore, the Illinois long-arm statute does not confer upon this Court personal jurisdiction over the individual defendants.

Further, Dr. Green has failed to allege that the individual defendants have the requisite minimum contacts with Illinois to permit personal jurisdiction in this Court under the United States Constitution. There is no indication that either Braatz or Zwieg purposefully availed themselves of the benefits of Illinois law with regards to their evaluation of Dr. Green's psychologist license. Nor is there any allegation in the second amended complaint that the individual defendants reasonably anticipated they would be hauled into an Illinois court in connection with their actions to revoke a license granted to Dr. Green by the state of Wisconsin.

Therefore, since Dr. Green has failed to satisfy any of the conditions of the Illinois long-arm statute with respect to Braatz and Zwieg, it follows that any court within the state of Illinois would not be able to exercise jurisdiction over them. As a result, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), they are not amenable to the jurisdiction of a federal district court located in Illinois. Accordingly, we must dismiss this action against Braatz and Zwieg for lack of

personal jurisdiction.

Having found that the WDRL is shielded from liability in this lawsuit by the principles of sovereign immunity found in the Eleventh Amendment to the United States Constitution and that this Court lacks personal jurisdiction over individual defendants Braatz and Zwieg, it is unnecessary for us to address and resolve the remaining arguments raised in the Wisconsin defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Wisconsin defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) is hereby granted. As all defendants named in the second amended complaint have now been dismissed, this case is terminated in its entirety. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: April 26, 2002